**Fred G. STILLMAN, Petitioner–Appellant,**

v.

**A.A. LAMARQUE, Respondent–Appellee.**

No. 02–15139.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Filed Feb. 18, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gail R. Weinheimer, San Anselmo, CA, for the petitioner.

Bruce Ortega, Deputy Attorney General, State of California, San Francisco, CA, for the respondent.

Before SILVERMAN and GOULD, Circuit Judges, and WEINER,** District Judge.

GOULD, Circuit Judge.

We are asked to determine whether California prisoner Fred Stillman's habeas corpus petition was timely.[1] Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the timeliness of Stillman's federal habeas petition depends on whether he filed an earlier California habeas petition before the close of business on August 11, 1999.[2] The California Supreme Court clerk stamped Stillman's habeas petition "filed" on August 12, 1999. Nonetheless, Stillman argues (1) that under the "mailbox rule" he constructively filed the petition on August 11, 1999, and (2) that he is entitled to "equitable tolling" because prison officials' misconduct caused his filing to be late. We hold that Stillman is not entitled to the benefit of the mailbox rule and that he is entitled to equitable tolling.

## I

The facts relevant to this appeal begin in 1998, soon after the California Supreme Court affirmed Stillman's conviction on direct appeal. Stillman told his court-appointed lawyer that he could not afford to hire a lawyer to represent him in state and federal habeas corpus proceedings, and he asked her to represent him without charge. The lawyer told Stillman she was "not able to assume responsibility for representing him on a pro bono basis," but she agreed to provide "some assistance" in preparing pro se state and federal habeas petitions.

Stillman's lawyer prepared a state habeas corpus petition for Stillman, and, between August 2 and 8, 1999, she made several telephone calls to the California State Prison to arrange for Stillman to sign the petition. According to Stillman's lawyer, the prison's litigation coordinator "agreed that I could mail the state habeas petition to him and agreed to bring the petition to Mr. Stillman for his signature as soon as it arrived and [to] return it to me immediately."

On August 10, 1999, Stillman's lawyer sent the petition to the litigation coordinator via overnight mail, together with a return, pre-paid overnight mail envelope. According to the lawyer's affidavit, it was her understanding that the litigation coordinator would obtain Stillman's signature

---

** The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. Stillman was convicted of assault with a deadly weapon and second degree murder.

2. Stillman filed his federal habeas petition with the district court on August 31, 2000. Under AEDPA, Stillman was required to file his federal habeas petition within one year from the date on which his California conviction became "final." *See* 28 U.S.C. § 2244(d)(1)(A). If Stillman filed his California habeas petition before the close of business on August 11, 1999, his conviction did not become final until September 29, 2000, thirty days after the California Supreme Court denied his habeas petition. In that case, his federal habeas petition was timely. On the other hand, if Stillman filed his California habeas petition after August 11, 1999, his conviction became final on August 11, 1999. In that case, his federal habeas petition was untimely.

Neither the state nor the petitioner disputes this calculation.

and fax the signed petition back to her in time for her to file it with the California Supreme Court on August 11.

On August 11, the litigation coordinator received the petition and directed another officer to "present these documents to i/m Stillman. According to his attorney, he is to sign where noted. Rtn the entire package to me & I will fax/send out." Prison officials did not present the petition to Stillman until August 12, and they did not return the signed petition to Stillman's lawyer until August 18. Prison officials sent the lawyer an apology note along with the petition.

When Stillman's lawyer did not receive a signed petition on August 11, she prepared another copy of the petition, signed it in Stillman's stead, and filed it with the California Supreme Court on August 12.

The California Supreme Court denied Stillman's habeas petition on the merits, and he filed this petition in the district court. The state moved to dismiss based on the AEDPA statute of limitations. Stillman filed an opposition brief, including two pieces of documentary evidence and an affidavit by his lawyer, who continues to represent Stillman on appeal. The district court granted the state's motion, holding that Stillman was not entitled to the benefit of the mailbox rule or the benefit of equitable tolling.

## II

█ Under the "mailbox rule," a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court. *See Saffold v. Newland,* 250 F.3d 1262, 1265, 1268 (9th Cir.2000), *overruled on other grounds, Carey v. Saffold,* 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). Thus, to benefit from the mailbox rule, a

prisoner must meet two requirements. First, the prisoner must be proceeding without assistance of counsel. *Saffold,* 250 F.3d at 1265(holding that the mailbox rule is available to pro se petitioners); *Rutledge v. United States,* 230 F.3d 1041 (7th Cir.2000) (holding that the mailbox rule is not available to a petitioner represented by counsel); *Turner v. Singletary,* 46 F.Supp.2d 1238 (N.D.Fla.1999) (same). Second, the prisoner must deliver the petition to prison authorities for forwarding to the court within the limitations period. *Houston v. Lack,* 487 U.S. 266, 273, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) ("delivery ... to prison authorities would not under any theory constitute a 'filing' unless the notice were delivered for forwarding to the district court"). Here, Stillman meets neither of these requirements.

█ First, Stillman was not proceeding without assistance of counsel. Although Stillman's lawyer initially declined to represent Stillman on collateral review, she later "agree[d] to provide some assistance in preparing a pro per petition for writ of habeas corpus to be filed in the California Supreme Court," according to the lawyer's affidavit. The lawyer prepared Stillman's habeas petition and arranged with prison officials for Stillman to sign the document. She then filed the document once Stillman had signed it. When a lawyer prepares legal documents on behalf of a prisoner and arranges for those documents to be signed and filed, the prisoner is not proceeding without assistance of counsel. *See Birbrower, Montalbano, Condon & Frank v. Superior Court,* 17 Cal.4th 119, 128, 70 Cal.Rptr.2d 304, 949 P.2d 1 (1998) (defining the practice of law in California to include the preparing of legal documents and the giving of legal advice). Because Stillman was assisted by a lawyer, he cannot benefit from the mailbox rule.[3]

---

**3.** That Stillman's lawyer intended to file the petition as a pro se petition does not change

the fact that Stillman was assisted by a law-

■ Second, Stillman cannot benefit from the mailbox rule because he did not deliver the petition to prison authorities for forwarding to the court within the limitations period. Assuming the limitations period was not equitably tolled, *discussed infra*, the limitations period ended on August 11, 1999. Stillman delivered the petition to prison authorities on August 12, 1999, after the limitations period had ended. Furthermore, Stillman delivered the petition to prison authorities so they could forward it *to his lawyer*, not to the clerk of court.

Because Stillman was assisted by a lawyer and because he did not deliver his habeas petition to prison officials for forwarding to the court, he cannot take advantage of the mailbox rule.[4]

### III

■ We have permitted equitable tolling of AEDPA's limitations period "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). "Extraordinary circumstances" exist when officials' wrongful conduct prevents a prisoner from filing. *Id.* In *Miles*, we held that extraordinary circumstances existed when officials ignored a prisoner's request to draw the filing fee for his habeas petition from his

trust account and mail it with the petition to the district court for filing. *Id.* In *Whalem/Hunt v. Early*, we held that extraordinary circumstances existed if officials' failure to stock the prison law library with reference works about AEDPA caused the petitioner to file late. 233 F.3d 1146, 1148 (9th Cir.2000) (en banc).

■ Following these precedents, we hold that extraordinary circumstances beyond Stillman's control existed when the prison litigation coordinator promised Stillman's lawyer to obtain Stillman's signature in time for filing, but then broke his promise, causing the filing to be late.

According to Stillman's uncontradicted evidence, the litigation coordinator promised that he would "bring the petition to Mr. Stillman for his signature *as soon as it arrived*" and return it to Stillman's lawyer by facsimile transmission "*immediately*."[5] (emphasis added). Stillman's lawyer understood that the litigation coordinator would return the signed petition to her in time for her to file the petition in a timely manner. The litigation coordinator's failure to return the signed petition as promised was an extraordinary circumstance beyond Stillman's control.

It is true, of course, that Stillman's lawyer could have obtained Stillman's signa-

---

yer. Our conclusion that a lawyer-client relationship existed is buttressed by the fact that Stillman's lawyer later assisted him with numerous other legal matters. She (1) prepared and filed a "Notice of Filing Petition to Inspect Juvenile Court File," advising the state Supreme Court that she had filed such a petition in Lake County Superior Court to inspect the juvenile court records of petitioner's daughter; (2) prepared and filed a "Motion for Leave to file Supplemental Allegations and Declarations In Support of Pending Pro Per Petition for Writ of Habeas Corpus"; (3) prepared and submitted those supplemental allegations; (4) prepared and filed a "Motion for Leave to file a Supplemental Declaration In Support of the Pending Petition for

Writ of Habeas Corpus"; (5) prepared and filed petitioner's "Opposition to the State's Motion to Dismiss Petition for Writ of Habeas Corpus for Failure to Comply with the Statute of Limitations"; (6) prepared and filed petitioner's opening brief on appeal to us.

4. Although prison officials' misconduct may trigger equitable tolling, *see supra*, no court has held—and we decline to hold—that official misconduct triggers application of the mailbox rule.

5. "Immediately" means "without delay." The American Heritage College Dictionary 679 (3d ed. 1997).

ture before August 11 and that a more careful lawyer would not have waited until the last minute. It is also true that routine instances of attorney negligence do not constitute an "extraordinary circumstance" that requires equitable tolling. *Ford v. Hubbard,* 305 F.3d 875, 891 (9th Cir.2002).[6] By waiting to the eleventh hour, Stillman's lawyer took a risk that something might go awry. However, the fact remains that the lawyer relied on the prison officials' promise to return the signed petition in time for her to file it before the deadline, a promise the prison officials did not keep.

Even if Stillman's lawyer acted negligently, Stillman still is entitled to equitable tolling. One event may have multiple causes. If Stillman's late filing was caused *both* by Stillman's lawyer's negligence and by prison officials' misconduct, Stillman still is entitled to equitable tolling, since prison officials' misconduct proximately caused the late filing.

We hold that Stillman is entitled to equitable tolling and that his federal habeas petition was timely.

**AFFIRMED IN PART AND REVERSED IN PART.**

---

**6.** Although "routine instances of attorney negligence do not generally constitute 'extraordinary circumstances' entitling a habeas petitioner to equitable tolling ... there are instances in which an attorney's failure to take necessary steps to protect his client's interests is so egregious and atypical that the court may deem equitable tolling appropriate." *Ford,* 305 F.3d at 891.