**Phillip Dale DETERMANN,
Petitioner—Appellant,**

v.

**Robert O. LAMPERT, Respondent—
Appellee.**

No. 04–35976.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 16, 2005.*

Decided Sept. 21, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Mark Bennett Weintraub, Esq., Federal Defender's Office, Eugene, OR, for Petitioner–Appellant.

Lynn David Larsen, AAG, AGOR—Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: FISHER, GOULD, and BEA, Circuit Judges.

### MEMORANDUM **

Phillip Dale Determann, an Oregon state prisoner, appeals the district court's judgment dismissing his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction under 28 U.S.C. § 2253. Our review is de novo, *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

### I

Determann's conviction became final before April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Therefore, absent tolling, Determann had until April 23, 1997 to file his petition for writ of habeas corpus. *See id.* at 1105; 28 U.S.C.

§ 2254(d)(1).[1] Petitioner asserts that AEDPA's one-year statute of limitations should be equitably tolled during the time in which he was incarcerated in an out-of-state prison facility in Florence, Arizona, until the date he was returned to Oregon. Equitable tolling of AEDPA's statute of limitations is "unavailable in most cases" and permissible only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir.2002) (citations omitted). The burden is on the petitioner to show that the exclusion applies and that the "extraordinary circumstances" alleged, rather than a lack of diligence on his part, were the proximate cause of his untimeliness. *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003); *Stillman v. LaMarque,* 319 F.3d 1199, 1203 (9th Cir.2003).

First, Determann argues that he is entitled to equitable tolling because the library conditions at the Florence, Arizona facility were inadequate. Determann submitted his own affidavit and the affidavits of several other former inmates alleging that the law library at the Florence, Arizona facility had inadequate Oregon law materials and offered inadequate legal assistance. The district court found that affidavits submitted by the respondent contradicted the petitioner's claim and demonstrated that relevant Oregon law materials and a copy of AEDPA were available to the petitioner. The district court also found that AEDPA's one-year statute of limitations was posted at the Florence, Arizona facility, and that the record was devoid of any evidence that Determann had asked the library staff for help or that when he asked none was

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The parties are familiar with the factual and procedural history of this case and we will not recount it other than as necessary to this disposition.

provided. The district court's findings are not clearly erroneous. *Killian v. Poole,* 282 F.3d 1204, 1207 (9th Cir.2002).[2]

█ In the alternative, Determann contends that we should remand for an evidentiary hearing to develop the record on the condition of the Florence, Arizona law library. *See Whalem/Hunt v. Early.* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (per curiam) (reversing and remanding for an evidentiary hearing because the district court had held that the unavailability of AEDPA in a prison library could not qualify as a ground for equitable tolling as a matter of law). Unlike in *Whalem/Hunt,* the district court did not erroneously conclude that Determann's argument was foreclosed as a matter of law. Rather, the district court sufficiently developed the evidentiary record on the issue. *See* 28 U.S.C. § 2254(e)(2); *cf. Whalem/Hunt,* 233 F.3d at 1148. The district court considered affidavits submitted by Determann alleging inadequate resources as well as affidavits submitted by the respondent on the Arizona prison library's resources before making a fact-specific determination. No further evidentiary development is necessary.

█ Second, petitioner argues that AEDPA's statute of limitations should be tolled because Oregon's post-conviction statute does not specify where an inmate incarcerated out of state should file his petition and, therefore, Determann did not know where to file his state post-conviction relief petition. *See* Or.Rev.Stat. § 138.560 (1996). However, the petitioner did not attempt to file his state post-conviction relief petition in any Oregon county prior to November 25, 1997. *Spitsyn,* 345 F.3d at 802 ("If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the ex-

traordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken.") (quoting *Valverde v. Stinson,* 224 F.3d 129, 134 (2d Cir.2000)); *see also Miles,* 187 F.3d at 1107 (stating that "external forces, rather than a petitioner's lack of diligence" must be cause of untimely filing). Further, to be entitled to equitable tolling, the petitioner must show that his out-of-state incarceration prevented him from filing a timely federal habeas petition. Regardless of whether the Oregon statute acted as a practical bar to his filing for state post-conviction relief, the statute did not prevent him from filing for habeas relief under federal law. *See* 28 U.S.C. § 2254(b)(1)(B) (allowing a petitioner to seek federal relief, notwithstanding a failure to exhaust state law remedies, if there was "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant").

Finally, Determann argues that the AEDPA's statute of limitation should be equitably tolled when in conflict with a longer state statute of limitations—in this case the State of Oregon's two-year time period—in which the State allows its prisoners to commence state-post conviction proceedings. We have previously rejected this argument. *Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir.2003) (holding that AEDPA's one-year statute of limitations, even if in tension with a longer state statute of limitations, does not render federal habeas an inadequate or ineffective remedy).

AFFIRMED.

---

**2.** Petitioner also asserts in his briefing that he is entitled to equitable tolling on the ground that his legal materials were confiscated at the Florence, Arizona facility. Petitioner submits no evidence in support of this claim.