**Jose CURIEL, Petitioner,**

v.

**Tom FLEKER, Warden, Respondent.**

**No. CV 07–2008–AHM(E).**

United States District Court,
C.D. California.

April 3, 2008.

Tara K. Allen, Tara K. Allen Law Offices, South Lake Tahoe, CA, for Petitioner.

Elaine F. Tumonis, CAAG – Office of Attorney General of California, Los Angeles, CA, for Respondent.

ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

A. HOWARD MATZ, District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that: (1) Petitioner's application for a stay is denied as moot; and (2) the Petition is denied and dismissed with prejudice. Petitioners conclusory objections are unpersuasive.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein by United States mail on Petitioner, counsel for Petitioner, and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

CHARLES F. EICK, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable A. Howard Matz, United States District Judge, pursuant to 28 U.S.C section 636 and General Order 05–07 of the United States District Court for the Central District of California.

PROCEEDINGS

Petitioner, a state prisoner incarcerated at the High Desert State Prison, filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on March 27, 2007 ("Petition"). The Petition contains three claims for relief: (1) the trial court assertedly admitted hearsay in violation of Petitioner's rights under the Confrontation Clause and the Due Process Clause; (2) the evidence assertedly was insufficient to support the verdicts; and (3) Petitioner's appellate counsel assertedly rendered ineffective assistance by allegedly: (a) abandoning Petitioner during the appellate process; (b) failing to notify Petitioner of the Court of Appeal's disposition; and (c) failing to file a petition for review and to notify Petitioner "of his right to do so to properly exhaust his federal issues" (Petition, pp. 5–6).

Also on March 27, 2007, Petitioner filed an "Application to Stay Proceeding Pending Exhaustion of State Court Remedies" ("Application for a Stay"), accompanied by a Memorandum of Points and Authorities and a Declaration of Petitioner's counsel, Tara K. Allen. Petitioner sought a stay pending the disposition of Petitioner's then-pending habeas corpus petition in the California Supreme Court.

Respondent filed an Answer and Response to the Application for a Stay on June 15, 2007, asserting that the Petition is untimely and that a stay is inappropriate. Petitioner filed a Reply on July 30, 2007, contending that the Petition is timely and also asserting that Petitioner's application for a stay is moot because the California Supreme Court denied Petitioner's habeas corpus petition on July 18, 2007.

## BACKGROUND

A jury found Petitioner guilty of first degree murder, and found true criminal street gang and firearm enhancement allegations (Respondent's Lodgment A). Petitioner received a sentence of fifty years to life (*id.*).

On January 10, 2006, the California Court of Appeal issued an unpublished opinion affirming the judgment (Respondent's Lodgment E); *People v. Curiel,* 2006 WL 44454 (Cal.Ct.App. Jan.10, 2006). Petitioner did not file a petition for review.

■ On March 13, 2007, Petitioner signed the present Petition, which was filed on March 27, 2007. In the meantime, on March 16, 2007, Petitioner filed a habeas corpus petition in the California Supreme Court (Respondent's Lodgment G).[1]

The California Supreme Court denied that petition on July 18, 2007. *See In re Curiel,* 2007 Cal. LEXIS 7833 (Cal. July 18, 2007).[2]

## DISCUSSION

For the reasons discussed below, the Petition should be denied and dismissed with prejudice.

The "Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA"), signed into law April 24, 1996, amended 28 U.S.C. section 2244 to provide a one-year statute of limitations governing habeas petitions filed by state prisoners:

(d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented

---

1. The copy of Petitioner's California Supreme Court petition lodged by Respondent does not bear a file date stamp. However, the Court takes judicial notice of the California Supreme Court's docket in *In re Curiel,* California Supreme Court case number S151005. *See Mir v. Little Company of Mary Hosp.,* 844

F.2d 646, 649 (9th Cir.1988) (court may take judicial notice of court records). The docket shows Petitioner filed that petition on March 16, 2007.

2. Hence, Petitioner's Application for a Stay should be denied as moot.

could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Petitioner did not file a petition for review in the California Supreme Court, his conviction became final on February 19, 2006, the fortieth day after the January 10, 2006 filing of the Court of Appeal's decision. *See Smith v. Duncan,* 297 F.3d 809, 812–13 (9th Cir.2002). Thus, the statute began to run on February 20, 2006, unless subsections B, C or D of 28 U.S.C. section 2244(d) (1) apply in the present case. *See* 28 U.S.C. § 2244(d)(1)(A); *Smith v. Bowersox,* 159 F.3d 345, 347–48 (8th Cir.1998), *cert. denied,* 525 U.S. 1187, 119 S.Ct. 1133, 143 L.Ed.2d 126 (1999); *see also Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999), *cert. denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000) (AEDPA statute of limitations is not tolled between the conviction's finality and the filing of the first state collateral challenge).

Subsection B of 28 U.S.C. section 2244(d)(1) has no application in the present case. Petitioner does not allege, and this Court finds no indication, that any illegal state action prevented Petitioner from filing the present Petition sooner.

Subsection C of 28 U.S.C. section 2244(d)(1) also has no application in the present case. Petitioner does not rely upon any "retroactively applicable" constitutional right "newly recognized" by the United States Supreme Court.

Application of subsection D of 28 U.S.C. section 2244(d)(1) does not furnish a date later than February 20, 2006, for com-

mencement of the one-year period of limitations with respect to most of Petitioner's claims. Petitioner has failed to allege, and it fails to appear, that Petitioner could not have discovered by February 20, 2006, through the exercise of "due diligence," the factual predicates for his claims alleging the unconstitutional use of hearsay and the insufficiency of the evidence. Indeed, the factual predicates for those claims were evident during Petitioner's trial. *See Hasan v. Galaza,* 254 F.3d 1150, 1154 n. 3 (9th Cir.2001) (petitioner need not "understand the legal significance" of the facts, rather than "simply the facts themselves," before the "clock starts ticking").

With respect to Petitioner's claims of ineffective assistance of appellate counsel, Petitioner learned of the factual predicates underlying his claims that counsel allegedly abandoned Petitioner during the appeal and failed to notify Petitioner of the Court of Appeal's disposition no later than the date Petitioner received the "re-sent" opinion of the Court of Appeal.[3] Even assuming, *arguendo,* it took a week or two for the "re-sent" opinion to reach Petitioner after it was mailed out on January 27, 2006, Petitioner still learned of that opinion prior to February 20, 2006. Hence, the accrual date for these claims of ineffective assistance of appellate counsel was February 20, 2007.

Petitioner also has alleged that his appellate counsel failed to file a petition for review and failed to notify Petitioner of his right to do so. Petitioner does not allege, and the record does not show, the exact date of appellate counsel's alleged failure to file a petition for review and to notify Petitioner of his right to do so. The earliest Petitioner could have learned of these alleged failures would have been a date after the expiration of the forty-day period for filing a petition for review on February 19, 2007 (which could have been as early as

---

**3.** *See* pages 9–11, *infra,* for a discussion of the "re-sending" of the Court of Appeal's opinion.

February 20, 2007). In any event, the Court need not determine whether Petitioner's claims that appellate counsel failed to file a petition for review and failed to notify Petitioner of his right to do so accrued at some date later than February 20, 2007. Even assuming, *arguendo*, the accrual date was late enough to render these claims timely, the claims are so lacking in merit that the claims should be denied summarily.

■ No constitutional right to counsel exists in connection with a petition for review to the California Supreme Court. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (no constitutional right to counsel in discretionary proceedings or habeas proceedings; "the right to appointed counsel extends to the first appeal of right, and no further"); *Wainwright v. Torna*, 455 U.S. 586, 587–88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (no constitutional right to counsel when pursuing discretionary state appeal); *Ross v. Moffitt*, 417 U.S. 600, 617–18, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974) (no constitutional right to counsel for discretionary state appeals or certiorari petitions); *Foster v. Garcia*, 2006 WL 3392750, at *27 (E.D.Cal. Nov.21, 2006), *adopted*, 2007 WL 173770 (E.D.Cal. Jan.19, 2007) ("Because the right to counsel extends only to the first appeal of right, counsel was not and could not have been ineffective for failing to file a petition for review ... [in] the California Supreme Court, as review by that court is discretionary, to which no right of counsel attaches, [citations]."); *see*

also *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867, 107 S.Ct. 228, 93 L.Ed.2d 155 (1986) ("the sixth amendment right to counsel does not apply in habeas corpus actions"). Consequently, Petitioner cannot predicate a claim of ineffective assistance of counsel on any action or omission of counsel following the Court of Appeal's affirmance. *Id.* Therefore, Petitioner's claims that counsel was ineffective for failing to file a petition for review and for failing to notify Petitioner of his right to do so are manifestly without merit.

■ With respect to all of Petitioner's other claims, the statute of limitations began to run on February 20, 2006 and expired on February 20, 2007. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.), *cert. denied*, 534 U.S. 978, 122 S.Ct. 406, 151 L.Ed.2d 308 (2001). Petitioner did not sign the present petition until March 13, 2007.[4] Therefore, absent tolling, the present Petition appears untimely.

Petitioner argues his conviction did not become final on February 19, 2006. Petitioner contends that the Court of Appeal did not file its decision until February 7, 2006. If Petitioner is correct, the Petition is timely. However, Petitioner is not correct.

■ The docket sheet presently available on the Court of Appeal's website[5] clearly indicates that the Court of Appeal's opinion was filed on January 10, 2006. The docket sheet also contains two entries dated January 27, 2006:(1) an entry stating "Modified criminal address," with the nota-

---

**4.** A federal habeas petition filed by a prisoner proceeding *pro se* is deemed filed when presented to prison authorities for mailing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir.2000), *vacated on other grounds*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). Here, Petitioner is not proceeding *pro se*. However, as the ensuing discussion demonstrates, the Petition is untimely even if the

Court were to give Petitioner the benefit of a March 13, 2007 filing date.

**5.** The Court takes judicial notice of the docket in *People v. Curiel*, California Court of Appeal, Second Appellate District, Division 3, case number B177695, available on the California courts' website at www.courtinfo.ca.gov. *See Mir v. Little Company of Mary Hosp.*, 844 F.2d at 649.

tion "Per Dept. of Corrections; aplt formerly at County Jail"; and (2) an entry stating "Mail returned and re-sent," with the notation "Aplt's copy of opinion; re-sent to aplt at High Desert State Prison."

Petitioner references, and Respondent has lodged, a copy of the Court of Appeal's docket sheet "as of 6/11/07," which does not contain any entry for January 10, 2006 (Respondent's Lodgment F). This docket sheet does contain the January 27, 2006 entries indicating that a copy of the Court of Appeal's opinion was "re-sent" to Petitioner at his prison address. However, the document also states that the Court of Appeal's opinion was filed on February 7, 2006. Yet, on the third page of the document, under the heading "CASE DISPO-SITION/JUDGES PANEL INFORMA-TION," the document states, in pertinent part: "Disposition: Affirmed in full [¶] Date: *01/10/06* [¶] Status: Final Disposition" (Respondent's Lodgment F) (emphasis added).

From this internally inconsistent and now superseded docket sheet, Petitioner speculates: "although it appears the Court of Appeals' Opinion was originally filed on January 10, 2006, it also appears that due to lack of notice to petitioner, the Court of Appeal withdrew the filing and re-filed the Opinion on February 7, 2006" (Reply, p. 1). Petitioner's speculation, made in the absence of evidence or citation to authority, is demonstrably inaccurate.

■ Former Rule 24 of the California Rules of Court, applicable at the time of the Court of Appeal proceedings discussed here, provided: "All decisions of the reviewing courts shall be filed with the clerk, who shall forthwith transmit a copy of the opinion to the lower court or tribunal and to the parties."[6] The Rule does not indicate that an opinion so filed is subject to

withdrawal in the event a copy of the opinion is sent to, but does not reach, a party otherwise represented by counsel. The document upon which Petitioner relies (the now-superseded docket sheet) does not indicate that the Court of Appeal withdrew its opinion filed on January 10, 2006 because of any purported lack of notice to Petitioner or otherwise. Moreover, Petitioner was represented by counsel on appeal, and there is no indication Petitioner's counsel failed to receive notice of the Court of Appeal's January 10, 2006 decision. The most reasonable explanation of the document is that the February 7, 2006 entry was simply in error. The correctness of this explanation is evidenced by the third page of the document, which clearly indicates that the Court of Appeal's final disposition occurred on January 10, 2006, and by the fact that the opinion available on Westlaw bears a date of January 10, 2006. *See People v. Curiel,* 2006 WL 44454 (Cal.Ct.App. Jan.10, 2006). Furthermore, in the present version of the docket sheet, the Court of Appeal has corrected the error of the February 7, 2006 entry.

Therefore, contrary to Petitioner's contention, the record shows that the Court of Appeal filed its decision on January 10, 2006. The statute of limitations commenced running on February 20, 2006 and expired on February 20, 2007. Absent tolling, the Petition is untimely.

■ Section 2244(d)(2) tolls the statute during the pendency of "a properly filed application for State post-conviction or other collateral review." The earliest possible date Petitioner could be deemed to have filed his California Supreme Court habeas petition is the date Petitioner's counsel signed that petition, March 13, 2007,[7] which was weeks after the February

---

6. Effective January 1, 2007, Rule 24 was amended and renumbered as Rule 8.264.

7. *See Stillman v. LaMarque,* 319 F.3d 1199, 1201–02 (9th Cir.2003) (applying prison mail-

20, 2007 expiration of the statute of limitations. The filing of a state petition after the expiration of the statute cannot toll the statute. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.), *cert. denied*, 540 U.S. 924, 124 S.Ct. 328, 157 L.Ed.2d 224 (2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001), *cert. denied*, 538 U.S. 949, 123 S.Ct. 1627, 155 L.Ed.2d 492 (2003) (filing of state habeas petition "well after the AEDPA statute of limitations ended" does not affect the limitations bar); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[a] state-court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999), *cert. denied*, 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000) (statute of limitations is not tolled between conviction's finality and the filing of the first state collateral challenge). Therefore, statutory tolling does not rescue the Petition from the bar of limitations.

 The Ninth Circuit permits equitable tolling of the statute of limitations "if 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003) (citation omitted); *see also Lawrence v. Florida*, — U.S. —, —, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (assuming, without deciding, that equitable tolling could apply to habeas statute of limitations set forth in 28 U.S.C. section 2244(d)); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n. 8, 125 S.Ct.

1807, 161 L.Ed.2d 669 (2005) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. at 418, 125 S.Ct. 1807 (citation omitted); *see also Lawrence v. Florida*, 127 S.Ct. at 1085. Petitioner must show that the alleged "extraordinary circumstances" were the "cause of [the] untimeliness." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir.2006), *cert. denied*, — U.S. —, 127 S.Ct. 1880, 167 L.Ed.2d 386 (2007) (quoting *Spitsyn v. Moore*, 345 F.3d at 799). A court "cannot arbitrarily pick a number of days or weeks to toll based on some generalized problem or difficulty a petitioner has encountered." *Nguyen v. Hickman*, 2001 WL 58969, at *2 (N.D.Cal., Jan.11, 2001). "Rather, equitable tolling depends on a specific showing by a petitioner that a particular problem prevented him from meeting the deadline for a particular amount of time." *Id.* Moreover, Petitioner must show that he exercised reasonable diligence in attempting to file a federal habeas petition after the alleged extraordinary circumstances began. *See Pace*, 544 U.S, at 418, 125 S.Ct. 1807; *Roy v. Lampert*, 465 F.3d at 970–71.

 Petitioner does not argue for equitable tolling, In any event, for the reasons discussed below, the circumstances of this case cannot support equitable tolling.

In her declaration filed in support of the Motion for a Stay, Petitioner's present counsel alleges that Petitioner's appellate counsel never notified Petitioner of the Court of Appeal's disposition of the appeal, and never sent Petitioner any documents,

box rule to determine date of filing of state habeas petition). Although Petitioner was not proceeding *pro se* in the California Supreme Court, even if the Court were to deem the California Supreme Court petition to have been filed on the date Petitioner's counsel signed it, March 13, 2007, the present federal Petition still would be untimely.

transcripts or files from Petitioner's case (Declaration of Tara K. Allen in Support of Motion for a Stay ["Allen Dec."], ¶ 2). Counsel states that, in February of 2007, Petitioner's family began looking for an attorney, and that counsel discussed the case "in mid-February, 2007" with Petitioner's sister (*id.*, ¶¶ 2–3). Counsel states that Petitioner's family paid counsel a retainer "[b]y early March" to review the record and proceed with a federal habeas petition (*id.*, ¶ 3). By March of 2007, the statute of limitations already had expired, although counsel may have believed, erroneously, that the statute of limitations would not expire until March 20, 2007 (*id.*, ¶ 2, n. 1). Counsel also states in her declaration that, at the time she accepted representation, she did not have the record except for the Court of Appeal's docket sheet and unpublished opinion, and that "some time was spent gathering the record from different sources, this task is on-going [sic]" (*id.*, ¶ 4).

It appears from counsel's declaration that by the time Petitioner's family contacted counsel, the statute of limitations either had expired or its expiration was imminent. To the extent counsel might assert she was misled by the apparent error in the Court of Appeal's docket into believing the statute of limitations would not expire until March 20, 2007, any such allegation would not justify equitable tolling. Counsel was on notice that January 10, 2006 was the correct date of the Court of Appeal's decision. Counsel admits she had a copy of the Court of Appeal's decision (also available on Westlaw), which reflected the January 10, 2006 date of the opinion. Moreover the third page of the now superseded docket sheet also stated that the date of the opinion was January 10, 2006. Any failure of counsel to investigate and identify the correct date constituted the sort of ordinary attorney negligence that cannot justify equitable tolling. *See Lawrence v. Florida*, 127 S.Ct. at 1085

("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel [citation]."); *Miranda v. Castro*, 292 F.3d 1063, 1066–68 (9th Cir.), *cert. denied*, 537 U.S. 1003, 123 S.Ct. 496, 154 L.Ed.2d 399 (2002) (federal habeas attorney's miscalculation of limitations period did not constitute "extraordinary circumstances" warranting equitable tolling); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001), *cert. denied*, 535 U.S. 1055, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002) (same); *see also Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir.2003) (citation and footnote omitted) ("[R]outine instances of attorney negligence do not constitute an 'extraordinary circumstance' that requires equitable tolling."); *compare Spitsyn v. Moore*, 345 F.3d at 801 (9th Cir.2003) (retained habeas counsel's misconduct in failing to file timely federal habeas petition despite having a year to do so, and counsel's disregard of numerous requests by petitioner and his mother to file federal petition, "sufficiently egregious" as to warrant equitable tolling).

Neither has Petitioner shown any circumstances prior to the time present counsel was retained which might warrant equitable tolling. Petitioner provides no explanation for his delay in retaining habeas counsel. Although Petitioner's present counsel states that Petitioner's appellate counsel failed to inform Petitioner of the Court of Appeal's decision, neither Petitioner nor his present counsel denies that Petitioner received the copy of the Court of Appeal's opinion which was "re-sent" to Petitioner at the High Desert State Prison on January 27, 2006. Even assuming, *arguendo*, it took a week or two for the "re-sent" opinion to reach Petitioner, Petitioner still had a full year thereafter to file his federal habeas petition. Petitioner's present counsel alleges

that Petitioner's appellate counsel never sent Petitioner documents, transcripts or files from Petitioner's case. However, there is no evidence that, prior to the expiration of the limitations period, Petitioner made any effort to obtain those documents, transcripts and files from appellate counsel, or ever attempted to enlist the assistance of the state courts or the California State Bar to do so.[8] Moreover, the Court of Appeal's opinion, which Petitioner does not deny he received in early 2006, afforded Petitioner sufficient information concerning his hearsay claim and insufficiency of the evidence claim to enable Petitioner to prepare a California Supreme Court petition (and a federal habeas petition) containing those claims. Furthermore, there is no reason Petitioner could not have added a claim of ineffective assistance of appellate counsel based on his own knowledge of appellate counsel's asserted derelictions. Therefore, Petitioner has failed to show either diligence in pursuing his claims or the existence of any "extraordinary circumstances" beyond his control warranting equitable tolling.

## RECOMMENDATION

For the reasons discussed above, IT IS RECOMMENDED that the Court issue an Order; (1) approving and adopting this Report and Recommendation; (2) denying Petitioner's application for a stay as moot; and (3) denying and dismissing the Petition with prejudice.

Aug. 8, 2007.

---

8. Present counsel attached to Petitioner's California Supreme Court habeas petition a copy of counsel's letter to the State Bar, dated March 5, 2007, complaining that appellate counsel had not turned over to Petitioner the file or records from Petitioner's case (*see* Respondent's Lodgment G, Exs. B, C). By the time counsel authored this letter of complaint, the statute of limitations had expired.