Robert Lee BROWN, Petitioner—
Appellant,

v.

The ATTORNEY GENERAL OF
the State of NEVADA; et al.,
Respondents—Appellees.

No. 06–16436.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 16, 2008.

Filed Aug. 12, 2008.

Debra A. Bookout, Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Heather D. Procter, Erik A. Levin, AGNV–Office of the Nevada Attorney General, Carson City, NV, for Respondents–Appellees.

Before: HUG, PAEZ, and BERZON, Circuit Judges.

**16**

## MEMORANDUM *

Robert Lee Brown ("Brown"), convicted in Nevada state court of several counts of sexual assault, appeals the district court's order dismissing his federal habeas petition, filed pursuant to 28 U.S.C. § 2254, as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). He argues that he is entitled to equitable tolling of the AEDPA statute of limitations for two different periods—the period in which he was attempting to pursue his direct appeal in state court, and the period during which his untimely state post-conviction petition was pending. We have jurisdiction under 28 U.S.C. § 2253. We agree that Brown is entitled to equitable tolling and therefore reverse and remand for further proceedings.

AEDPA imposes a one-year statute of limitations on the filing of a § 2254 habeas petition:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

28 U.S.C. § 2244(d)(1).

Brown's conviction became final on August 18, 2002. He filed his federal habeas petition on September 15, 2004. Therefore, without the benefit of tolling, Brown would be barred from seeking federal habeas relief by AEDPA's statute of limitations.

Certain events statutorily toll the AEDPA clock. *See* 28 U.S.C. § 2244(d)(2) (the statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending."). A petitioner may also be entitled to equitable tolling where extraordinary circumstances beyond his control made it impossible for him to file his federal habeas petition on time. *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir.2003).

■ We agree with the district court's determination that Brown is entitled to equitable tolling from August 18, 2002 to August 15, 2003—the time during which he was attempting to pursue his direct appeal in the Nevada courts.[1] Extraordinary circumstances beyond his control prevented the timely filing of Brown's direct appeal. Brown stated under oath that he prepared several copies of his notice of appeal and timely gave them to prison officials for mailing, including one to be mailed to the Eighth Judicial District. Respondent has submitted no evidence from prison officials disputing this account, and it is partially corroborated by the fact that the Nevada Supreme Court did receive a copy of the notice of appeal. The district court therefore properly credited Brown's account. The Nevada Supreme Court received its copy of the notice of appeal on July 26, 2002, well within the allotted timeframe, but the Eighth Judicial District Court—the court with which the notice of appeal must be filed—never received a copy.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Although there was some confusion concerning whether the district court found that Brown was entitled to equitable tolling from August 18, 2002, the day the AEDPA clock would have started to run, to August 15, 2003, or from January 6, 2003 to August 15, 2003, we understand from the context of its ruling that the district court found the statute of limitations equitably tolled for the entire period.

Brown also diligently pursued his direct appeal: He inquired of the Nevada Supreme Court why no action had been taken on his appeal. The clerk responded that the Court had not received the necessary certified copies from the Eighth Judicial District Court. Brown next contacted the Eighth Judicial District Court clerk's office which replied that Brown should resubmit his notice of appeal. Brown did so and the court marked it received on January 6, 2003. His appeal was deemed untimely and dismissed by the Nevada Supreme Court. Next, Brown filed a "Motion to Reopen Appeal," which was likewise denied on August 15, 2003. It is difficult to imagine what more a pro se defendant could have done to pursue his rights. The district court properly concluded that Brown was entitled to equitable tolling from August 18, 2002 to August 15, 2003.

 We also agree with Brown that the district court erred in concluding that he was not entitled to equitable tolling from September 22, 2003 to August 17, 2004, the period during which his untimely state habeas petition was pending. When Brown filed his state petition, the law of this circuit provided that an untimely state post-conviction petition statutorily tolled the AEDPA one-year statute of limitations where the state's timeliness rule, like Nevada's, has exceptions requiring the state court to look at the merits. *See Dictado v. Ducharme*, 244 F.3d 724, 727–28 (9th Cir. 2001). In 2005, the Supreme Court held in *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), that an untimely state post-conviction petition is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) such that it statutorily tolls the AEDPA limitations period for

federal habeas petitions. We recently held that equitable tolling is appropriate for the period that an untimely state post-conviction petition was pending where the state petition was filed before the Supreme Court decided *Pace*. *Harris v. Carter*, 515 F.3d 1051 (9th Cir.2008). Accordingly, Brown is entitled to equitable tolling from September 22, 2003 to August 17, 2004.[2]

**REVERSED and REMANDED.**

---

2. We note that the district court did not have the benefit of *Harris* when it dismissed Brown's habeas petition as time barred.