BETTY B. FLETCHER, Circuit Judge,
dissenting:
I respectfully dissent. I agree with the majority that Alexander’s petition is untimely; I also agree that his inability to make copies would not entitle him to equitable tolling. However, given Alexander’s allegations that he did not have access to legal materials interpreting 28 U.S.C. § 2244 and that the prison paralegal incorrectly advised him of when his habeas petition was due, I would find that he is entitled to an evidentiary hearing on the issue of equitable tolling.
We have held that lack of access to legal materials on the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes the § 2244 limitations period, can justify equitable tolling. See Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc); Roy v. Lampert, 465 F.3d 964, 969 (9th Cir.2006). In my opinion, the majority reads our precedent and Alexander’s petition too narrowly: it is sufficient to allege, as Alexander has done, that he had no access to case law or other materials interpreting AEDPA’s *976 statute of limitations. The abundance of case law concerning AEDPA’s statute of limitations shows both how complicated the issue can be and how crucial court decisions are to determining when the limitations period begins to run. See Wha-lem/Hunt, 233 F.3d at 1148-49 (Tashima, J., concurring) (noting that knowledge of procedural rules can be decisive for a petitioner’s case). It would not do a prisoner any good to know that he has one year to file his habeas petition but not know when that year commences. Although the Arizona Department of Corrections has ordered prisons to maintain legal treatises for prisoners, we cannot assume that the library actually had them, that Alexander had access to these materials, or that they accurately indicate how to calculate the limitations period simply because of the Department’s order. Rather, we require evidentiary hearings precisely to make those kinds of factual determinations.
Additionally, if the prison paralegal misrepresented to Alexander when his habeas petition was due, as Alexander alleges, this would be an extraordinary circumstance justifying equitable tolling. According to Alexander, the paralegal incorrectly told him that the limitations period on his federal habeas petition began to run from the denial of his state petition for post-conviction relief, rather than the expiration of his time to appeal his conviction to' the Supreme Court. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999). Such a misrepresentation, if substantiated, would clearly interfere with Alexander’s ability to timely file his petition; coming from a prison official, it would justify equitable tolling. Cf. Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir.2003); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999). In this case, the misrepresentation is particularly significant because Arizona has substituted the aid of paralegals in lieu of legal research materials. See Bryant v. Schriro, 499 F.3d 1056, 1059 (9th Cir.2007). Without access to other legal resources, there was no way for Alexander to verify what the paralegal told him. And since the Department of Corrections’ order prohibits paralegals from providing legal advice, the onus is on prison officials to insure this does not happen, let alone that incorrect advice is not given.
At this stage, we consider only whether Alexander has made good-faith allegations that would entitle him to equitable tolling; we are not deciding whether his petition ultimately succeeds or even if he is entitled to tolling. Since1 Alexander alleges facts that would entitle him to equitable tolling and since there is no indication that he has been dilatory in pursuing his remedies, I would reverse and remand for the district court to hold an evidentiary hearing.