MEMORANDUM ***
The district court did not apply the wrong standard in considering Bonner’s equitable tolling argument. Bonner notes that Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), held that a petitioner seeking equitable tolling of the time to file a habeas petition must show, among other things, that “some extraordinary circumstance stood in his way.” Id. at 418, 125 S.Ct. 1807. He argues that this formulation is more permissive than the standard we enunciated before Pace was decided, namely that a habeas petitioner seeking equitable tolling must show, among other things, that “extraordinary circumstances beyond a prisoner’s control make it impossible to file a petition on time[.]” Espinoza-Matthews v. California, 432 F.3d 1021, 1025 (9th Cir.2005) (citation and quotation signals omitted). We have recently rejected this argument, instead holding that the Supreme Court’s formulation of “extraordinary circumstances” in Pace is consistent with our longstanding formulation. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.2009).
*381 The district court correctly concluded that Bonner did not carry his burden of proving that he is entitled to equitable tolling. Even if it were not clear that the Antiterrorism and Effective Death Penalty Act’s one-year statute of limitations applied to Bonner’s claim, Bonner did not establish that such lack of clarity was the proximate cause of his untimely filing of his habeas petition. See Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir.2003). Nor did Bonner establish the existence of any other extraordinary circumstance beyond his control that prevented him from filing his petition on time; Incomplete advice from the state-provided legal assistant does not constitute extraordinary circumstances sufficient to justify equitable tolling. See Lawrence v. Florida, 549 U.S. 327, 336-37, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007); Miranda v. Castro, 292 F.3d 1063, 1066-67 (9th Cir.2002). Nor does Bonner demonstrate that a temporary delay in accessing his files due to the actions of another inmate or limitations on his access to the library were the proximate causes of his untimely filing. See Stillman, 319 F.3d at 1203.
Finally, the district court did not err in refusing to hold an evidentiary hearing because Bonner has not pointed to any conflicting evidence in the record requiring an evidentiary ruling. See Roy v. Lampert, 465 F.3d 964, 974 n. 6 (9th Cir.2006).
Petition denied.

 ThiS disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.