**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| HON KEUNG TSE, | | No. 10-56206 |
| Petitioner - Appellant, | | D.C. No. 2:09-cv-08829-CJC-MLG |
| v. | | |
| SCOTT MCEWEN, Warden, | | MEMORANDUM[*] |
| Respondent - Appellee. | | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted February 3, 2014
Pasadena, California

Before: PREGERSON and BERZON, Circuit Judges, and AMON, Chief District Judge.[**]

Hon Keung Tse appeals from a judgment dismissing his federal habeas

corpus petition as untimely. We agree with the district court that the petition was

not timely under 28 U.S.C. § 2244(d), and so affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Carol Bagley Amon, Chief District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Tse argues that AEDPA's one-year statute of limitations did not begin to run until March 21, 2008, when he received a complete copy of his trial transcript from his former attorney and realized that his trial counsel did not discuss a six-year potential plea offer with him. Relying on 28 U.S.C. § 2244(d)(1)(D), Tse asserts that because he did not learn of the factual predicate of his ineffective assistance of counsel claim until he received the trial transcript and had a fellow prisoner review it, the statute of limitations did not begin to run until this time. However, the trial transcripts existed and were in the possession of Tse's appellate and habeas attorneys since at least early 2006. While represented, Tse was bound by what his attorneys knew or could have known. *See Maples v. Thomas*, 132 S. Ct. 912, 922 (2012). Tse has not alleged that either his appellate or habeas counsel abandoned him, *see id.* at 922–23, or even that counsel was ineffective for failing to identify the non-communication-of-plea-offer issue, *see Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012). Tse's claim that he could not "through the exercise of due diligence" have discovered the conversation transcribed in these transcripts until March 2008, when the transcripts had been in the possession of his own agents for several years, therefore fails. *See* 28 U.S.C. § 2244(d)(1)(D).

Tse further argues that the district court erred by: (1) not applying statutory tolling to the time period between when the Superior Court denied his first state

habeas petition and the filing of the first state habeas petition in the California Supreme Court; and (2) not applying equitable tolling to the period during which the filing of Tse's first state habeas petition was hampered by an unforeseen accident involving a key member of his legal team. Tse recognizes that even if we apply statutory tolling to the interval between the Superior Court's denial of his first state habeas petition and the filing of his first state habeas petition in the California Supreme Court, his federal petition is untimely absent equitable tolling.

We agree with the district court that Tse is not entitled to equitable tolling. Tse failed to demonstrate that an "extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). The extraordinary circumstance Tse relies on occurred in 2006, before Tse filed his first state post-conviction petition. Its effect on Tse's ability to file a timely federal petition years later is far too attenuated to warrant equitable relief. After the state Supreme Court rejected his second post-conviction petition on March 18, 2009, Tse waited until November 25, 2009, to file his federal petition. During that time, he elected to bring a third round of state habeas petitions, pro se, rather than proceed to federal court. Tse does not argue that the third round of state petitions is itself a basis for equitable tolling, and, because the petitions were not properly filed in state court, there is no statutory tolling for that

3

period either.  *See Walker v. Martin*, 131 S. Ct. 1120, 1125 (2011).  In such circumstances, we cannot say that an incident occurring three years before Tse filed his federal petition was a "proximate cause[]" of the late filing.  *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006) (quoting *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003)).

For the foregoing reasons, we AFFIRM.