**Aramis GOMEZ, Petitioner–Appellant,**

v.

**Roy A. CASTRO, Respondent–Appellee.**

No. 01–55975.

D.C. No. CV–00–08804–
FMC CR–B112790.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 17, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM**

Aramis Gomez appeals pro se the district court's dismissal as untimely, his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2254. We review de novo, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Gomez contends, based on the prison mailbox rule and equitable tolling, that the Antiterrorism and Effective Death Penalty Act's statute of limitations period was tolled on February 24, 1999, when he mailed his state habeas petition to his mother for her to forward to the court. We disagree. Because Gomez mailed his petition to a third party, he is not entitled to the benefit of the prison mailbox rule.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*See Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (concluding that petition was filed when pro se petitioner delivered it to prison authorities).[1] Even with an additional 30 days pursuant to *Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001), Gomez's petition is untimely. We reject Gomez's equitable tolling contention because he has failed to allege facts to demonstrate that extraordinary circumstances beyond his control made it impossible for him to file his petition on time. *See Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999).[2]

**AFFIRMED.**

---

1. The district court assumed without deciding, that the AEDPA's limitations period was tolled beginning on February 24, 1999. We need not remand for the district court to determine the filing date of Gomez's state petition because, as a matter of law, Gomez is not entitled to the rule announced in *Houston.*

2. Gomez contends that he should receive equitable tolling from August 1, 2000, the time he submitted an inquiry to prison authorities for verification of in forma pauperis status, and August 7, 2000, the date he signed his federal habeas petition. This contention is waived because it is raised for the first time in his reply brief. *See Gray v. Lewis,* 881 F.2d 821, 822 n. 3 (9th Cir.1989).

