Cevin **ALEXANDER,** aka Kevin James Clark, Petitioner—Appellant,

v.

Dora B. **SCHRIRO;** et al., Respondents— Appellees.

No. 05–17389.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2008.

Filed Feb. 25, 2009.

Dale A. Baich, Esquire, Assistant Federal Public Defender, Michael L. Burke, Esquire, Assistant Federal Public Defender, FPDAZ–Federal Public Defender's Office, Phoenix, AZ, Megan B. Moriarty, Esquire, Assistant Federal Public Defender, Utah Federal Defender Office, Salt Lake City, UT, Cevin Alexander, Buckeye, AZ, for Petitioner–Appellant.

Jon Anderson, Esquire, Assistant Attorney General, Arizona Attorney General's Office, Phoenix, AZ, for Respondents–Appellees.

Before: B. FLETCHER, McKEOWN and N.R. SMITH, Circuit Judges.

MEMORANDUM [*]

Petitioner Cevin Alexander appeals the district court's dismissal of his petition for habeas corpus, filed under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm.

Alexander filed his petition after the time period of the one-year statute of limitations had passed. *See* 28 U.S.C. § 2244(d). Adopting the recommendations of the magistrate, the district court dismissed the petition as untimely. On appeal, Alexander argues that (1) the district erred in calculating the time period for the statute of limitations and (2) in any event, he is entitled to equitable tolling.

■ The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). It is tolled while "a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

properly filed application for State post-conviction or other collateral review ... is pending." *Id.* § 2244(d)(2). Where a defendant directly appeals his conviction all the way to the state supreme court, the § 2244(d) limitations period begins to run once the defendant's time to appeal to the United States Supreme Court expires. *Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir.1999). We are bound by *Hemmerle v. Schriro,* 495 F.3d 1069 (9th Cir.2007), despite misgivings about its statement of Arizona law. *Hemmerle* confirms that the date on which the state court mandate issues is irrelevant. *See id.* at 1073–74.[1] Therefore, although we conclude that the district court's calculations are not entirely accurate,[2] Alexander's petition is nonetheless untimely.

Alexander is not entitled to equitable tolling, because tolling is appropriate "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (citing *Calderon v. U.S. Dist. Court for Cent. Dist. of Cal.,* 163 F.3d 530, 541 (1998), *abrogated on other grounds by Woodford v. Garceau,* 538 U.S. 202, 206, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct.

1807, 161 L.Ed.2d 669 (2005). Because the allegations made by Alexander would not, if true, justify equitable tolling, he is also not entitled to an evidentiary hearing. *See Roy v. Lampert,* 465 F.3d 964, 969 (9th Cir.2006).

■ We have held that a total lack of access to any legal materials regarding the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes the § 2244 limitations period, can justify equitable tolling. *See Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (remanding for an evidentiary hearing where the petitioner alleged that the prison law library had no materials describing AEDPA); *Roy,* 465 F.3d at 969 (remanding for an evidentiary hearing where prisoners alleged that Arizona prison law library did not have any AEDPA materials). However, Alexander does not claim that he did not have access to AEDPA or *any* materials interpreting AEDPA.[3] Rather, Alexander was aware of the limitation period, but he claims that he was unable to correctly calculate when the period began, because he had no access to case law or other materials defining the term "final judgment" under AEDPA. This allegation falls short of extraordinary circumstances that would justify equitable tolling.

---

1. Alexander also concedes that the Arizona Court of Appeals would not issue a mandate upon denying review of Alexander's petition for post-conviction relief, so that tolling of the limitations period ended once Alexander's time for seeking review in the Arizona Supreme Court expired.

2. The district court neglected the fact that, because Alexander's last day to seek certiorari in his direct appeal fell on a Sunday, he had until the following Monday to file with the Supreme Court. The statute of limitations began to run the next day, on March 13, 2001. *See* Sup.Ct. R. 13.1, 30.1. The district court also seems to have counted the day Alexander filed his state petition for post-conviction relief as an untolled day when, in fact, Alexander's petition should be consid-

ered pending for that day. *See* 28 U.S.C. § 2244(d)(2).

3. The dissent states that we cannot assume that the prison law library had any of the legal materials required by the Arizona Department of Corrections, and therefore an evidentiary hearing is necessary to determine what materials were actually available to Alexander. However, Alexander does not allege that he was denied any of the legal materials required to be in the library, which included materials covering the AEDPA. *See* Arizona Department of Corrections, Department Order 902 att. A. He also does not allege that he ever sought materials clarifying the term "final judgment," let alone that he was denied such materials after requesting them.

■ Alexander next contends that he was prevented from timely filing his petition, because he was delayed in making copies of his petition while the prison resource center temporarily closed for the holidays and his prison counselor went on vacation for a week. Alexander had a year to prepare and file his petition, and a short delay in access to a copy machine does not warrant equitable tolling. *Cf. Allen v. Lewis,* 255 F.3d 798, 801 (9th Cir.2001) (per curiam), *rev'd on other grounds,* 295 F.3d 1046 (9th Cir.2002) (en banc) (prisoner's 27–day lack of access to case materials during a prison transfer and early in the limitation period did not warrant equitable tolling).

■ Lastly Alexander alleges that a prison paralegal gave him incorrect legal advice in calculating the limitations period. That allegation also does not rise to the level of extraordinary circumstances. *See, e.g., Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001) (miscalculation of the limitations period by attorney not extraordinary circumstances); *Miranda v. Castro,* 292 F.3d 1063, 1068 (9th Cir.2002) (same). We have found extraordinary circumstances where a prison official's "wrongful conduct prevents a prisoner from filing." *See, e.g., Stillman v. LaMarque,* 319 F.3d 1199, 1202 (9th Cir.2003) (finding extraordinary circumstances where prison litigation coordinator broke his promise to prisoner's attorney to obtain the prisoner's signature in time for filing); *Miles,* 187 F.3d at 1107 (holding that extraordinary circumstances existed when prison officials ignored prisoner's request to pay habeas petition filing fee from his trust account and mail it directly to the court with the petition). However, in this case, the paralegal did not do or fail to do anything that actually made it impossible for Alexander to file on time. Further, Alexander was not entitled to and should not have relied on any advice from the paralegal. The paralegal was not authorized to practice law, *see* Ariz. R. Sup.Ct. R. 31, and the rules of the Arizona Department of Corrections, which were available to Alexander, make it clear that the paralegal was not available to give legal advice, *see* Arizona Department of Corrections, Department Order 902.

Ultimately, Alexander made an incorrect interpretation of the statute and miscalculated the limitations period. This does not amount to an "extraordinary circumstance" warranting equitable tolling. *See Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir.2006) ("[A petitioner's] inability correctly to calculate the limitations period is not an extraordinary circumstance warranting equitable tolling.").

**AFFIRMED.**

BETTY B. FLETCHER, Circuit Judge, dissenting:

I respectfully dissent. I agree with the majority that Alexander's petition is untimely; I also agree that his inability to make copies would not entitle him to equitable tolling. However, given Alexander's allegations that he did not have access to legal materials interpreting 28 U.S.C. § 2244 and that the prison paralegal incorrectly advised him of when his habeas petition was due, I would find that he is entitled to an evidentiary hearing on the issue of equitable tolling.

We have held that lack of access to legal materials on the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes the § 2244 limitations period, can justify equitable tolling. *See Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc); *Roy v. Lampert,* 465 F.3d 964, 969 (9th Cir.2006). In my opinion, the majority reads our precedent and Alexander's petition too narrowly: it is sufficient to allege, as Alexander has done, that he had no access to case law or other materials interpreting AEDPA's

statute of limitations. The abundance of case law concerning AEDPA's statute of limitations shows both how complicated the issue can be and how crucial court decisions are to determining when the limitations period begins to run. *See Whalem/Hunt,* 233 F.3d at 1148–49 (Tashima, J., concurring) (noting that knowledge of procedural rules can be decisive for a petitioner's case). It would not do a prisoner any good to know that he has one year to file his habeas petition but not know when that year commences. Although the Arizona Department of Corrections has ordered prisons to maintain legal treatises for prisoners, we cannot assume that the library actually had them, that Alexander had access to these materials, or that they accurately indicate how to calculate the limitations period simply because of the Department's order. Rather, we require evidentiary hearings precisely to make those kinds of factual determinations.

Additionally, if the prison paralegal misrepresented to Alexander when his habeas petition was due, as Alexander alleges, this would be an extraordinary circumstance justifying equitable tolling. According to Alexander, the paralegal incorrectly told him that the limitations period on his federal habeas petition began to run from the denial of his state petition for post-conviction relief, rather than the expiration of his time to appeal his conviction to the Supreme Court. *See Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir.1999). Such a misrepresentation, if substantiated, would clearly, interfere with Alexander's ability to timely file his petition; coming from a prison official, it would justify equitable tolling. *Cf. Stillman v. LaMarque,* 319 F.3d 1199, 1202 (9th Cir.2003); *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999). In this case, the misrepresentation is particularly

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

significant because Arizona has substituted the aid of paralegals in lieu of legal research materials. *See Bryant v. Schriro,* 499 F.3d 1056, 1059 (9th Cir.2007). Without access to other legal resources, there was no way for Alexander to verify what the paralegal told him. And since the Department of Corrections' order prohibits paralegals from providing legal advice, the onus is on prison officials to insure this does not happen, let alone that incorrect advice is not given.

At this stage, we consider only whether Alexander has made good-faith allegations that would entitle him to equitable tolling; we are not deciding whether his petition ultimately succeeds or even if he is entitled to tolling. Since Alexander alleges facts that would entitle him to equitable tolling and since there is no indication that he has been dilatory in pursuing his remedies, I would reverse and remand for the district court to hold an evidentiary hearing.