**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDUARDO HERNANDEZ, *Petitioner-Appellant*, | No. 09-55306 |
| v. | D.C. No. 2:07-cv-06754-PA-JC |
| MARION SPEARMAN, *Respondent-Appellee.* | OPINION |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted
February 3, 2014—Pasadena, California

Filed August 22, 2014

Before: Harry Pregerson and Marsha S. Berzon, Circuit
Judges, and Carol Bagley Amon, Chief District Judge.[*]

Opinion by Judge Berzon

---

[*] The Honorable Carol Bagley Amon, Chief District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

## SUMMARY**

### Habeas Corpus

Reversing the district court's dismissal of a federal habeas corpus petition as untimely after the district court refused to apply the "prison mailbox" rule to calculate the dates of the petitioner's filings, and remanding for further proceedings, the panel held that the mailbox rule applies when a pro se habeas petitioner gives his petition to a third party to mail from within the prison.

### COUNSEL

Tony Faryar Farmani (argued), Farmani, APLC, San Diego, California, for Petitioner-Appellant.

Stephanie C. Brenan (argued), Deputy Attorney General; James William Bilderback, II, Supervising Deputy Attorney General, Office of the California Attorney General, Los Angeles, California, for Respondent-Appellee.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

BERZON, Circuit Judge:

Petitioner Eduardo Hernandez's federal habeas corpus petition was dismissed as untimely after the district court refused to apply the "prison mailbox" rule to calculate the dates of Hernandez's filings. The district court found the rule inapplicable because a prisoner other than Hernandez delivered the petition to prison authorities for mailing to the clerk of court. We hold that the prison mailbox rule applies to such a circumstance and, accordingly, reverse the dismissal of Hernandez's petition.

**I.**

Hernandez, a California prisoner, is serving two indeterminate life terms and eighteen years for grand theft and kidnapping in connection with a carjacking. After unsuccessfully seeking post-conviction relief in state court, he filed a pro se federal habeas corpus petition. The Warden moved to dismiss Hernandez's petition as untimely, alleging that it was filed outside the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year filing deadline. *See* 28 U.S.C. § 2244(d)(1).

A magistrate judge issued a Report and Recommendation, which agreed that the petition was untimely. First, in the instances in which a prisoner other than Hernandez had delivered Hernandez's pro se petition for post-conviction relief to prison authorities for mailing to the court, the magistrate judge refused to consider the date that such a petition was delivered to prison authorities as the filing date,

as courts generally must under the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Next, the magistrate judge reasoned that Hernandez's conviction became final on August 9, 2005, with the result that, absent tolling, the federal habeas petition was due August 9, 2006. The magistrate judge determined that: (1) the limitations period was statutorily tolled while Hernandez's first state habeas petition was pending in California superior court, from October 28, 2005 to December 20, 2005; and (2) Hernandez was not entitled to statutory tolling for the roughly eight-month interval before his next filing, because Hernandez's next state petition was filed in the same court as his first and was not limited to an elaboration of the facts relating to the claims raised in the first petition. *See King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003) (per curiam) (abrogated on other grounds by *Evans v. Chavis*, 546 U.S. 189 (2006)).

Finally, the magistrate judge applied statutory tolling for the period the second state habeas petition was actually pending before the California Superior Court, from August 17, 2006 to August 24, 2006, and then assumed, without deciding, that Hernandez was entitled to statutory tolling for the time between the denial of the second state petition and the California Supreme Court's summary denial of Hernandez's fourth state petition on August 29, 2007. Based on this assumption, the statute of limitations began ticking again on August 30, 2007, at which point Hernandez had forty-seven days, or until October 15, 2007, to file his federal habeas petition. Hernandez did not file until October 18, 2007, making his petition three days late under the magistrate judge's calculations.

Over Hernandez's objections, the district court adopted the magistrate judge's Report and Recommendation in full and, without considering the merits of his federal claims, dismissed the petition with prejudice.

We granted Hernandez a certificate of appealability on the timeliness question, appointed counsel, and ordered that the parties address "whether the mailbox rule applies when a petitioner gives his petition to a third party (e.g., jailhouse lawyer) to mail from within the prison." After carefully considering the Report and Recommendation and the parties' arguments, we hold that the mailbox rule applies when a pro se habeas petitioner gives his petition to a third party to mail from within the prison. As the district court's determination that Hernandez's petition was untimely relied on the contrary conclusion, and therefore on an erroneous calculation of filing dates, we reverse and remand for further proceedings not inconsistent with this opinion.

## II.

### A. Prison Mailbox Rule

A pro se prisoner's notice of appeal from the denial of a federal habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." *Houston*, 487 U.S. at 276. The rule applies equally to a pro se prisoner's filing of a California state habeas petition.[1]

---

[1] Although the point is not disputed, we note that the prison mailbox rule applies in Hernandez's case because his habeas petition "arise[s] from convictions in California — a state that does not reject the prison mailbox rule and which has indeterminate rather than fixed time limitations for

*Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). To benefit from the mailbox rule, (1) a prisoner must proceed without counsel, and (2) the petition must be delivered to prison authorities for mailing to the court within the limitations period. *Id.*

Application of the rule has never turned on the identity of the prisoner who physically delivers the petition to prison authorities. After examining the precedential underpinnings of the mailbox rules, we conclude that there is no reason it should.

Writing for the Supreme Court in *Houston*, Justice Brennan explained the impetus behind the Court's adoption of the mailbox rule: "The situation of prisoners seeking to appeal without the aid of counsel," he said, "is unique." 487 U.S. at 270. Unrepresented prisoners "cannot take the steps other litigants can take to monitor the processing of their notices of appeal . . . before the . . . deadline." *Id.* at 270–71. The Court recognized that "the *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay," and that a prisoner litigant's "control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access — the prison authorities." *Id.* at 271. Unlike represented litigants and litigants who are not incarcerated, pro se prisoners have no control of their court filings after delivery to prison authorities: "No matter how far in advance the *pro se* prisoner

---

filing habeas petitions." *Orpiada v. McDaniel*, 750 F.3d 1086, 1089 (9th Cir. 2014).

delivers his notice to the prison authorities, he can never be *sure* that it will ultimately get stamped 'filed' on time." *Id.*

In applying *Houston* to ascertain the date not only of a notice of appeal but also of a state habeas filing, we previously reasoned that unrepresented state prisoners filing state habeas petitions are equally "powerless and unable to control the time of delivery of documents to the court," so "the conditions that led to the adoption of the mailbox rule are present." *Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2000), *overruled on other grounds, Carey v. Saffold*, 536 U.S. 214 (2002). These conditions are also present when a prisoner gives his petition to another prisoner to mail from within the prison.

Those cases that have refused to extend the prison mailbox rule have done so in circumstances where the litigant had a degree of control that a prisoner who asks another prisoner to mail his petition lacks. Courts have refused, for example, to apply the prison mailbox rule to cases in which a prisoner is assisted by counsel, *Stillman*, 319 F.3d at 1202; to cases in which a prisoner delivers a filing to the prison authorities for mailing to someone other than the clerk of court, *id.*; *Paige v. United States*, 171 F.3d 559, 560–61 (8th Cir. 1999); and to cases in which a prisoner gives a petition to a third party who is not confined in prison for filing through regular channels, *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). In such cases, the prisoner is not in the "unique situation" *Houston* identified, either because he is not relying on prison authorities to get his petition to the clerk of court by the deadline, or because he has an unconfined representative free to file papers on his behalf. Additionally, as the Sixth Circuit Court of Appeals recognized in *Cook*, applying the prison mailbox rule to petitions mailed from

prison to third parties "would allow prisoners to mail habeas petitions to third parties for substantive revisions while claiming their earlier mailing date as the filing date," thus "circumvent[ing] statutes of limitations." 295 F.3d at 521.

Applying the prison mailbox rule to Hernandez's filings raises none of the concerns expressed in *Stillman* and *Cook*, and vindicates the purpose expressed in *Houston*. Hernandez had no choice but to avail himself of prison authorities for mailing his habeas petitions to the courts. Once the petitions were deposited with the prison authorities, neither he nor the prisoner who deposited the petitions could monitor the status of the mailings to ensure prompt delivery.

Moreover, the operative date remains the date the petition was delivered to prison authorities, *see Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001), not the date Hernandez gave the petition to the second prisoner for delivery. Because the date on which his petitions were delivered to prison authorities is readily ascertainable through the same systems that monitor a prisoner's own deliveries, there is no risk that applying the prison mailbox rule in this circumstance would circumvent the statute of limitations by allowing for substantive revisions to the petition after the delivery date.

The district court's contrary reasoning is unpersuasive. The district court asserted that "extending the mailbox rule to situations in which an inmate entrusts another inmate to provide materials to prison authorities for mailing, would appear to run counter to an underlying rationale of the mailbox rule — that the *pro se* prisoner has no choice but to rely upon prison authorities, and thus should not be prejudiced by their potential dilatoriness." But the fact that Hernandez entrusted the depositing of his petition with prison

authorities to a fellow prisoner does not at all change the fact that once that delivery was timely accomplished, albeit indirectly, Hernandez "ha[d] no choice but to rely upon prison authorities" to mail the petition to the courts.

The Warden notes that part of the rationale behind the Supreme Court's *Houston* decision is the relative ease with which prison authorities and the State may dispute a prisoner's assertions of timeliness by recourse to logs maintained by prison authorities. *See* 487 U.S. at 275. In contrast, the Warden contends, applying the prison mailbox rule to the circumstances of this case would make it difficult to refute false claims of timeliness. Not so. Prison logbooks could reflect the name of the prisoner who deposited the petition with the prison authorities. From there, it is a simple matter for the court and the Warden to match the logbook entry to the proof of service signed and dated by the third party prisoner, using the same process via which the court and the Warden would use to verify the prisoner's own claims of depositing the petition with prison authorities. Alternatively, prisons could require prisoners depositing mail on behalf of another prisoner to provide the name of the prisoner on whose behalf they are mailing documents.

We therefore hold that the prison mailbox rule applies when a prisoner delivers a habeas petition on behalf of another prisoner to prison authorities for forwarding to the clerk of court, and that Hernandez's petition was filed "at the moment it [was] delivered to prison officials for forwarding." *Houston*, 487 U.S. at 272.

## B.  Statutory Tolling

Hernandez claims that, in addition to erroneously holding the prison mailbox rule inapplicable, the district court erred by refusing to statutorily toll the 237-day[2] interval between the California Superior Court's denial of Hernandez's first state habeas petition and the filing of his second state habeas petition in that same court.  We disagree, and affirm the district court's decision not to toll this period.

**1**

AEDPA requires "a state prisoner seeking a federal habeas corpus remedy to file his federal petition within one year after his state conviction has become 'final.'" *Carey v. Saffold*, 536 U.S. 214, 216 (2002); 28 U.S.C. § 2244(d)(1)(A).  "[H]owever, . . . the 1-year period does not include the time during which an application for state collateral review is 'pending' in the state courts." *Carey*, 536 U.S. at 216–17; 28 U.S.C. § 2244(d)(2).

Collateral review in California "differs from [the systems] of other States in that it does not require, technically speaking, appellate review of a lower court determination," and "[i]nstead . . . contemplates that a prisoner will file a new 'original' habeas petition" at each level of the state courts. *Carey*, 536 U.S. at 221.  A second distinguishing feature of the California post-conviction review process is that

---

**2** The district court calculated that this interval was 239 days, but that calculation relied on the erroneous refusal to apply the prison mailbox rule to the filing of Hernandez's second state habeas petition in the California Superior Court.

California "determines the timeliness of each filing according to a 'reasonableness' standard," *id.*, rather than a deadline.

Federal courts toll AEDPA's statute of limitations when a "properly filed" petition is before a California court, as well as during the time period "between a lower [California] court's decision and the filing . . . of a further original state habeas petition in a higher [California] court," so long as the petitioner files in the higher court within a "reasonable time," as defined by California law. *Id.* at 217; *see Gaston v. Palmer*, 417 F.3d 1030, 1036 (9th Cir. 2005) (the "period during which a properly filed habeas application is actually before a state court" is tolled), *amended on petition for rehearing*, 447 F.3d 1165 (9th Cir. 2006).

When a petitioner files a second state habeas petition in the same court, rather than in a higher level of the California court system, statutory tolling is not "appropriate for the period between two state habeas petitions," unless "the second petition is 'limited to an elaboration of the facts relating to the claims in the first petition.'" *Stancle v. Clay*, 692 F.3d 948, 951 (9th Cir. 2012) (quoting *King*, 340 F.3d at 823). Where that prerequisite is met, courts must then determine whether the petition was timely. *Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010).

**2**

Hernandez filed his second state habeas petition in the same court as the first rather than moving to a higher level of review. He therefore must demonstrate that his second state habeas petition was "limited to an elaboration of the facts relating to the claims in the first petition," *Stancle*, 692 F.3d

at 951 (internal quotation marks and citation omitted), and that it was timely, *Banjo*, 614 F.3d at 970.

The first requirement is dispositive here: Hernandez did not limit this second state habeas petition "to an elaboration of the facts relating to the claims in the first petition," *Stancle*, 692 F.3d at 951, because he added "a new claim" to the second petition, *id.* at 954. Hernandez's second state habeas petition alleged that Hernandez's trial counsel was ineffective because he failed to move to suppress evidence — an allegation wholly absent from the first petition. Although the first petition raised ineffective assistance of counsel, "ineffective assistance claims are not fungible, but are instead highly fact-dependant." *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007). Because Hernandez's claim that counsel was ineffective for failing to suppress evidence was a new claim, he is not entitled to statutory tolling for the gap between the denial of his first state habeas petition and the filing of his second state habeas petition at the same level.

## III.

The district court assumed, but did not decide, that Hernandez was entitled to statutory tolling for the entire period between the denial of the second state petition on August 24, 2006 and the California Supreme Court's summary denial of Hernandez's fourth state petition on August 29, 2007. On remand, the district court should address the Warden's contention that Hernandez is not entitled to tolling for this entire period, so that, even with the

benefit of the prison mailbox rule, his federal petition is not timely.[3]

For the foregoing reasons, the judgment of the district court is **REVERSED**, and the matter is **REMANDED** for further proceedings not inconsistent with this opinion.

---

[3] Hernandez also argues that he is entitled to equitable tolling. We do not consider equitable tolling unless statutory tolling is insufficient to render a petition timely, *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). Consequently, we leave it for the district court to consider Hernandez's arguments for equitable tolling in the first instance.

Additionally, in a letter filed with this court shortly before oral argument, Hernandez argued for the first time on appeal that the statute of limitations does not bar his petition because he brings an actual innocence claim. *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). We do not generally consider arguments not raised in an opening brief, *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999), and as we are remanding to the district court, we also leave this un-briefed argument for the district court to address in the first instance.