ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE
JOSEPHINE L. STATON, U.S. DISTRICT JUDGE
Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. No objections to the Report and Recommendation have been filed, nor has Petitioner filed a request for a Kelly stay. The Court accepts the findings and recommendations of the Magistrate Judge.
IT THEREFORE IS ORDERED that Petitioner's motion to stay is denied, the Petition is dismissed as partially unexhausted, and Judgment be entered dismissing this action with prejudice.
REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE
JEAN ROSENBLUTH, U.S. MAGISTRATE JUDGE
This Report and Recommendation is submitted to the Honorable Josephine L. Staton, U.S. District Judge, under 28 U.S.C. § 636 and General Order 05-07 of the U.S. District Court for the Central District of California.
PROCEEDINGS
On September 15, 2016, Petitioner, apparently with the help of another inmate, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody, raising four claims: grounds one and two alleged trial-court jury-instruction error and grounds three and four raised ineffective-assistance-of-counsel claims.[1] He also filed a separate *986 "Petition for Stay, and Abeyance," asking that the Petition be stayed to allow him to exhaust claims three and four, which he admits were not raised in state court. (See Mot. Stay at 1; Pet. at 9.)[2] Petitioner did not cite any authority in support of his request. (See generally Mot. Stay.) On December 19, 2016, Respondent filed opposition, arguing that Petitioner is not entitled to a stay under Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), because he has not shown "good cause," and he is not entitled to one under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruling on other grounds recognized by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007), because claims three and four do not "relate back" to the exhausted claims of the Petition. Petitioner did not file a reply.
After determining that it needed further information and briefing about a habeas petition Petitioner appeared to have filed in the state superior court in September 2016, the Court ordered Respondent to lodge a copy of that petition and any ruling on it, inform the Court whether Petitioner had filed any other state-court petitions, and file a supplemental response addressing the impact on Petitioner's motion, if any, of Dixon v. Baker, 847 F.3d 714 (9th Cir. 2017), which was decided after Respondent had filed his opposition. On June 1, 2017, Respondent lodged a copy of the superior-court petition and that court's order denying it and filed supplemental opposition, arguing that Dixon does not apply and that because Petitioner apparently abandoned his state-court habeas proceedings after the superior court's denial, he is not entitled to a stay. Despite having been given the opportunity to do so, Petitioner did not file a supplemental reply.
For the reasons discussed below, the Court recommends that Petitioner's stay motion be denied.
DISCUSSION
I. Applicable Law
Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).
Two procedures are available to a habeas petitioner who wishes to stay a pending federal petition while exhausting additional claims in state court: the Rhines procedure and the Kelly procedure. See King v. Ryan, 564 F.3d 1133, 1139-40 (9th Cir. 2003) (explaining differences between Kelly and Rhines stays). Under Rhines, a Court may stay a "mixed" federal petition-one that includes both exhausted and unexhausted claims-while the Petitioner returns to state court to exhaust his unexhausted claims; all claims remain pending in federal court and are protected from any statute-of-limitations issues. Rhines, 544 U.S. at 277-78, 125 S.Ct. 1528. Under Kelly, the petitioner voluntarily dismisses any unexhausted claims from the pending federal petition and only the exhausted claims are stayed; the petitioner may then *987 seek to amend the dismissed claims into the petition after he has exhausted them in state court. King, 564 F.3d at 1135 ; see Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005) (noting that " Rhines applies to stays of mixed petitions" and Kelly to "stays of fully exhausted petitions" (emphasis omitted) ). Under Kelly, the newly exhausted claims are not necessarily protected from any time bar. See King, 564 F.3d at 1140-41. "In this regard, the Kelly procedure ... is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay." Morris v. California, No. 2:11-cv-1051 MCE DAD P, 2012 WL 2358720, at *2 (E.D. Cal. June 20, 2012).
Rhines applies in "limited circumstances." See 544 U.S. at 277, 125 S.Ct. 1528. For a Rhines stay, the petitioner must show (1) good cause for his failure to earlier exhaust the claims in state court, (2) the unexhausted claims are not "plainly meritless," and (3) he has not engaged in "abusive litigation tactics or intentional delay." Id. at 277-78, 125 S.Ct. 1528. The Supreme Court has not precisely defined what constitutes "good cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that good cause does not require "extraordinary circumstances." Jackson, 425 F.3d at 661-62. Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake, 745 F.3d at 982.
Under Kelly, the petitioner need not show good cause for a stay of totally exhausted claims. See King, 564 F.3d at 1135. But a stay under Kelly"will be denied when the court finds such a stay would be futile." Knowles v. Muniz, 228 F.Supp.3d 1009, 1016 (C.D. Cal. 2017) (citation omitted), appeal docketed, No. 17-55419 (9th Cir. Mar. 28, 2017). "Futility would exist if the petitioner seeks a stay to exhaust a meritless claim." Id. Further, a petitioner may amend a newly exhausted claim into a pending federal habeas petition after the expiration of the limitation period only if it shares a "common core of operative facts" with one or more of the claims in the pending petition. Mayle v. Felix, 545 U.S. 644, 664, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). A new claim "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650, 125 S.Ct. 2562.
II. Petitioner Has Failed to Show Good Cause for a Rhines Stay
Petitioner acknowledges that grounds three and four of the Petition are unexhausted. (See Mot. Stay at 1; Pet. at 9.) In those claims, he alleges that his trial and appellate counsel were ineffective. (Pet. at 9.) He acknowledges that the claims were not raised on direct appeal (id. ), and he indicates that at the time he filed his federal Petition he had not filed any habeas petitions in state court (id. at 10-11).
On September 15, 2016, however, the same day he constructively filed his federal Petition and motion to stay, Petitioner constructively filed a habeas petition in the state superior court raising grounds three and four.[3] (See Lodged Doc. 2.) The superior court denied the petition on October 19, 2016, indicating that Petitioner's claims failed to state a prima facie case for relief, were or could have been raised on appeal *988 and failed to establish an exception to the rule barring reconsideration,[4] and contained vague or conclusory allegations. (See Lodged Doc. 3.) The superior court did not identify which reason for denial it applied to which claim. (Id. )
To exhaust state remedies for federal habeas review, a petitioner must "invok[e] one complete round of the State's established appellate review process." Carey v. Saffold, 536 U.S. 214, 220, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). In California, the claims must ultimately be disposed of on the merits by the state supreme court. Greene, 288 F.3d at 1086. According to the California Appellate Courts Case Information website, see Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=2& doc_id=2063530& doc_no=B252919 (last visited July 28, 2017), Petitioner has not filed a habeas petition in either the court of appeal or the supreme court; he has apparently abandoned his state-court exhaustion effort.
Nothing of which the Court is aware prevented him from filing a petition in the state court of appeal or supreme court, thus completing a round of state habeas review. Indeed, almost nine months have passed since the superior court denied his petition; Petitioner has not returned to the state courts to try to raise the claims with more particularity despite having been alerted to that deficiency in October 2016, and it is likely too late to do so now. See Evans v. Chavis, 546 U.S. 189, 191-92, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006) (holding unexplained six-month delay between lower state court's denial and filing of petition in higher state court unreasonable compared to "short[er] periods of time," such as 30 to 60 days, "that most States provide for filing an appeal to the state supreme court" (citation and alteration omitted) ). A belief that they were in fact sufficiently pleaded or exhausted does not demonstrate good cause and did not prevent him from continuing the exhaustion process. See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (finding that petitioner's "lack of knowledge that a claim was not exhausted" did not constitute good cause). Back on September 29, 2016, when his superior-court petition was still pending, the Court notified Petitioner that "[a]lthough [he] require[d] the Court's permission for a stay of these proceedings, nothing prevent[ed] him from immediately returning to state court to try to exhaust his new claims."
In his stay motion, Petitioner contends that he is entitled to one because he "does not speak nor read English," but he acknowledges that he has "found a [sic] inmate who agreed to assist him." (Mot. Stay at 1.) He did not sign the motion under penalty of perjury. Further, he does not explain when he was able to obtain assistance from an inmate helper or why he was not able to obtain such assistance earlier. And despite having been given the opportunity to do so, he has not explained why his inmate helper did not assist him in fully exhausting his claims. In general, lack of legal knowledge or ignorance of the law does not constitute good cause warranting a Rhines stay, nor does an excuse not supported by evidence. See Blake, 745 F.3d at 981.
Although an inability to communicate in English can, when coupled with other factors-such as the unavailability of legal materials in the petitioner's native *989 language, the unavailability of translator assistance, or a petitioner's lower educational level-constitute good cause, see, e.g., Isayev v. Knipp, No. 2:12-cv-2551 KJN P, 2013 WL 4009192, at *2-3 (E.D. Cal. Aug. 2, 2013), accepted by 2013 WL 5773349 (E.D. Cal. Oct. 23, 2013), Valdivia v. Frauenheim, No. 2:14-cv-2097 TLN KJN P, 2015 WL 5546955, at *3 (E.D. Cal. Sept. 18, 2015), accepted by 2015 WL 6123753 (E.D. Cal. Oct. 16, 2015), the fact that Petitioner "does not speak nor read English" cannot, without more, rise to the level of good cause, particularly when he apparently has an inmate assistant. Cf. Mendoza v. Carey, 449 F.3d 1065, 1069-70 (9th Cir. 2006) (in equitable-tolling context, "combination of (1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances").[5]
Petitioner also argues that his appellate counsel failed to raise his ground-three ineffective-assistance-of-trial-counsel claim despite his request that she do so. (Mot. Stay at 2.) It is not clear whether ineffective assistance of appellate counsel can constitute the required good cause under Rhines. While some courts appear to have so held, see, e.g., Jauregui v. Jones, No. CV 16-1711 DSF (RAO), 2016 WL 4257147, at *2 (C.D. Cal. July 7, 2016), accepted by 2016 WL 4251572 (C.D. Cal. Aug. 8, 2016) ; Nogueda v. California, No. 2:14-cv-1045 GGH P, 2014 WL 5473548, at *2 & n.4 (E.D. Cal. Oct. 23, 2014), that approach deemphasizes the reasoning of Blake to the effect that a petitioner who relies on incompetent postconviction habeas counsel would have no reason to separately raise claims himself during the limitation period. See 745 F.3d at 983-84. A petitioner does not rely on his trial or appellate counsel to raise claims for him during the habeas limitation period, however.
Even if ineffective assistance of appellate counsel can constitute good cause, however, without any more information about why counsel did not raise the claim on direct appeal, Petitioner's bare allegation is insufficient to demonstrate good cause. See Blake, 745 F.3d at 982-83. Indeed, ineffective-assistance-of-counsel claims, such as Petitioner's ground three, must generally be raised in a state-court collateral proceeding, see People v. Salcido, 44 Cal. 4th 93, 172, 79 Cal.Rptr.3d 54, 186 P.3d 437 (2008) (as amended), and thus appellate counsel likely was justified in not raising the claim on direct appeal. Accordingly, Petitioner has not shown good cause for a Rhines stay on that basis. See Blake, 745 F.3d at 982 ("An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust.").
On February 2, 2017, the Ninth Circuit decided Dixon v. Baker, which held that the "good cause" requirement of Rhines is satisfied when a petitioner was not represented by counsel in his state postconviction proceedings.[6] 847 F.3d at 722. In *990 Dixon, a pro se petitioner filed timely state and federal habeas petitions and then sought to stay his federal petition so that he could exhaust additional ineffective-assistance-of-trial-counsel claims in state court. Id. at 717. The petitioner in Dixon argued that he had failed to exhaust those claims earlier, in his first round of state habeas petitions, because he "lacked the assistance of counsel" in those proceedings. Id. at 718. The Ninth Circuit granted a Rhines stay, finding that "the easily proven assertion that the petitioner was without counsel" in his earlier state habeas proceedings was "good cause" for failing to exhaust his claims then. Id. at 721. The court reasoned that "[a] petitioner who was without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." Id.
Here, Petitioner simultaneously filed his federal Petition, motion for stay, and superior-court petition in September 2016, just over a month before the federal statute of limitation apparently was set to expire.[7] Petitioner was not represented by counsel in his superior-court petition. (See Lodged Doc. 2.) But he was not "denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel," Dixon, 847 F.3d at 721 ; the uncounseled September 15, 2016 superior-court petition was his first attempt at state-court exhaustion, and he was clearly aware at that time that his claims were unexhausted because he filed his motion to stay in this Court on the same day. The Ninth Circuit's reasoning in Dixon that an unrepresented petitioner "cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel" does not apply. See id. To hold otherwise would entitle any unrepresented petitioner who files his first state-court petition at or near the end of the limitation period, at the same time as his federal petition, to establish good cause on that basis alone.[8] Rhines counsels otherwise:
*991 Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.
544 U.S. at 277, 125 S.Ct. 1528. Petitioner has not alleged, nor does the record reveal, sufficient good cause to justify a Rhines stay. See Blake, 745 F.3d at 982.
III. Petitioner May Request a Stay Under Kelly
Mixed petitions-those containing both unexhausted and exhausted claims-must generally be dismissed. Rose, 455 U.S. at 518, 102 S.Ct. 1198. To avoid dismissal of his mixed Petition, Petitioner has three options. First, he may, of course, request voluntary dismissal of this action without prejudice under Federal Rule of Civil Procedure 41(a). Petitioner is advised, however, that any dismissed claims may later be subject to the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). Second, Petitioner may request voluntary dismissal of only his unexhausted claims (claims three and four) and elect to proceed on his exhausted claims alone. He is advised, however, that if he elects to proceed with the exhausted claims, any future habeas petition containing the unexhausted claims (presumably filed after they have been exhausted) may be rejected as successive (and untimely).
Third, if Petitioner so requests, the Court may permit him to dismiss the unexhausted claims and hold the exhausted claims in abeyance while he attempts to exhaust them under Kelly. Respondent argues that Petitioner is not entitled to a stay of his fully exhausted claims under Kelly because claims three and four "do not appear to relate back" to exhausted claims one and two. (Opp'n at 5-6 n. 3.; Suppl. Opp'n at 3 & n. 6.) Although Respondent may be correct, see Mayle, 545 U.S. at 650, 125 S.Ct. 2562 (new claim "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth"), the unexhausted claims might nonetheless be timely if Petitioner can show-as he has not yet done-that he is entitled to a later accrual date under § 2244(d)(1)(D) or tolling of some kind. Indeed, Petitioner's alleged inability to speak, read, or write English could entitle him to equitable tolling if he has lost his inmate helper for some reason. See, e.g., Mendoza, 449 F.3d at 1071.
Accordingly, Petitioner's request for a Rhines stay should be denied and the Petition should be dismissed under Rose v. Lundy unless within the time for filing objections to this Report and Recommendation Petitioner notifies the Court that he has elected to take one of the actions explained above. Petitioner is warned that if he requests and the Court permits a stay under Kelly, he will be allowed to amend any subsequently exhausted claims back into the Petition only if they are timely or "relate back" to the original exhausted claims. See Mayle, 545 U.S. at 664, 125 S.Ct. 2562.
RECOMMENDATION
IT THEREFORE IS RECOMMENDED that the District Judge accept this Report and Recommendation, deny Petitioner's motion for stay and abeyance under Rhines, and dismiss the Petition unless within the time for filing objections to this Report and Recommendation Petitioner notifies the Court that he has elected *992 to take one of the actions explained above.

Under the mailbox rule, a pro se prisoner's habeas petition is constructively filed when he gives it to prison authorities for mailing. See Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (citing Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) ). A petition is generally deemed "delivered" to authorities on the day it is signed. See Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam) (as amended). Petitioner signed the Petition on September 15, 2016. (Pet. at 11.) It appears that he originally sent it to the "California Appellate Courts" in San Francisco (see id. at 43 (envelope postmarked Sept. 16, 2016, with Petitioner's prison address as return address) ), which then forwarded it to the Ninth Circuit Court of Appeals (see id. at 45 (envelope postmarked Sept. 20, 2016, sent by California First District Court of Appeal to "The James R. Browning" Court of Appeals in San Francisco) ), which then forwarded it to this Court (see id. at 46 (envelope postmarked Sept. 22, 2016, from Ninth Circuit Court of Appeals) ). Because Respondent does not dispute that September 15, 2016, is the constructive filing date of the Petition (see Supp. Opp'n at 1), the Court uses that date.

For filings whose pages are not consecutively numbered, the Court uses the pagination provided by its Case Management/Electronic Case Filing system.

The mailbox rule applies to a California prisoner's state-court filings. See Hernandez, 764 F.3d at 1074.

In fact, Petitioner obviously could not have raised his ineffective-assistance-of-appellate-counsel claim on direct appeal, and in California ineffective-assistance-of-trial-counsel claims are also generally not subject to this procedural bar. See People v. Tello, 15 Cal. 4th 264, 266-67, 62 Cal.Rptr.2d 437, 933 P.2d 1134 (1997) (as amended); People v. Salcido, 44 Cal. 4th 93, 172, 79 Cal.Rptr.3d 54, 186 P.3d 437 (2008) (as amended).

The Ninth Circuit recently held that in the equitable-tolling context, a petitioner does not need to show diligence throughout the limitation period; rather, he need show only that "during the period of equitable tolling," he "attempt[ed] to resolve the impediment preventing timely filing." Grant v. Swarthout, 862 F.3d 914, 923 (9th Cir. 2017). Even if Petitioner's purported inability to speak or read English and lack of translation assistance or Spanish-language material could constitute a "reasonable excuse" for some period of time, see Blake, 745 F.3d at 982, his excuse is not "supported by sufficient"-or indeed any-"evidence," id. Those facts also do not explain why Petitioner abandoned his state exhaustion efforts despite now apparently having inmate assistance.

The Ninth Circuit recognized that "many state postconviction proceedings are conducted pro se." Dixon, 847 F.3d at 722. For that "group of federal habeas petitioners," it noted, "the first element of the Rhines test can easily be established to the extent that they were without counsel," but any meritless claims would be weeded out by the second and third requirements of Rhines. Id.

On July 24, 2013, Petitioner was convicted of first-degree murder and two counts of attempted murder. (Pet. at 2.) He appealed, and the court of appeal affirmed the judgment with modifications on May 19, 2015. (See Pet. at 2-3); Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2& doc_id=2063530& doc_no=B252919 (last visited July 13, 2017). He filed a petition for review in the state supreme court, which denied it on July 29, 2015. (Pet. at 3); see also Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0& doc_id=2112848& doc_no=S227367 (last visited July 13, 2017). Petitioner apparently did not file a petition for writ of certiorari to the U.S. Supreme Court. (See Pet. at 7 (question left blank).) Thus, his conviction became final on October 27, 2015, 90 days after the California Supreme Court denied his petition for review on direct appeal. See Zepeda v. Walker, 581 F.3d 1013, 1016 (9th Cir. 2009). Absent a later start date or tolling of some kind, see 28 U.S.C. § 2244(d), the one-year statute of limitation to file a federal habeas petition started on October 28, 2015, and expired on October 27, 2016.

Consistent with the reasoning in Grant concerning equitable tolling, see 862 F.3d at 918-19, some courts have found that a petitioner who files a state habeas petition shortly before the expiration of the federal statute of limitation has necessarily shown good cause. See, e.g., Delongis v. Ollison, No. C 06-4236 PJH, 2006 WL 2355073, at *1 (N.D. Cal. Aug. 14, 2006). But because Petitioner has apparently abandoned his state exhaustion efforts without explanation, those cases do not apply.