
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BALJIT SINGH,

                Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No.   18-73250

Agency No. A209-946-761

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2021[**]
San Francisco, California

Before: McKEOWN, RAWLINSON, and BADE, Circuit Judges.

Baljit Singh (Singh), a native and citizen of India, petitions for review of the

decision of the Board of Immigration Appeals dismissing his appeal of the denial

of asylum, withholding of removal, and relief pursuant to the Convention Against

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture (CAT).[1]

Singh asserts that the immigration judge (IJ) afforded undue weight to evidence presented by the government, while not adequately considering evidence that Singh, who is Sikh, was unable to safely relocate in India. The IJ stated that he "fully reviewed" the documentation submitted by Singh, and Singh fails to overcome the presumption that the IJ sufficiently considered the evidence. *See Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018) (recognizing the presumption that the IJ properly reviewed the evidence). Substantial evidence also supports the agency's determination that Singh was able to safely relocate in India to avoid future persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (holding that "[e]ven assuming [the petitioner] has a subjective fear of future persecution, he has not demonstrated that the record compels reversal of the agency's internal relocation finding").[2]

---

[1] Singh "waived any argument as to [his] CAT claim by failing to specifically and distinctly discuss the matter in [his] opening brief." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (citations and internal quotation marks omitted). "Such an argument would have failed in any event, as [Singh] has not shown a likelihood of torture by or with the acquiescence of public officials." *Id.* (citation omitted).

[2] The government contends that we lack jurisdiction because Singh failed to file a timely petition for review. Giving full credit to Singh's declaration that his petition was deposited in the prison mailbox system prior to the filing deadline, we address Singh's claims on the merits. *See Hernandez v. Spearman*, 764 F.3d 1071,

(continued...)

**PETITION DENIED.**

---

[2](...continued)
1076 (9th Cir. 2014) (holding that "the prison mailbox rule applie[d] when a prisoner deliver[ed] a . . . petition on behalf of another prisoner to prison authorities for forwarding to the clerk of court, and that [the] petition was filed at the moment it was delivered to prison officials for forwarding") (citation, alteration, and internal quotation marks omitted).